## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**JERAMIE WRIGHT** and
**JAMES WEBB,**

 Plaintiffs,

      v.                                No. _____

**GUARDIANS LLC, KROGER COMPANY,**
**ATOSC GROUP LLC** and
**TRACY DOWDY**                         **FLSA Collective Action**
                                             **JURY DEMANDED**

Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

Plaintiffs Jeramie Wright and James Webb ("Plaintiffs"), on behalf of themselves individually, and on behalf of others similarly situated, file this Collective Action against Defendants Guardians LLC, Kroger Company, ATOSC Group LLC and Tracy Dowdy ("Defendants") alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq.* In support therefore, Plaintiffs allege as follows:

### I.    INTRODUCTION

1.    The FLSA was passed by Congress in 1938.  The principal congressional purpose enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers.  *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981).  The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to the maintenance of minimum standard

of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08(1945).

2.    This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Defendants on behalf of Plaintiffs, individually, and on behalf of other similarly situated hourly-paid, non-exempt security guards who were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiffs and the class seek damages for unpaid overtime and minimum wage compensation for those who have worked for Defendants as hourly-paid, non-exempt security guards at any time within the three (3) years preceding the filing of this lawsuit. The unpaid wage claims of Plaintiffs and those similarly situated are unified through a common theory of Defendants' FLSA violations.

## II.    JURISDICTION AND VENUE

3.    This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and omission giving rise to this cause of action occurred in this District.

## III.    PARTIES

5.    Defendant Guardians LLC ("Guardians") is a Florida limited liability. Guardians can be served via its registered agent: Timothy Guy Nagy, 926 Ksanka Foothills Rd, Eureka, Montana 59917.

6.    Tracy Dowdy is the principal owner and operator of Guardians LLC and has been

responsible for the implementation and administration of the pay practices and exercised operational control of during all times material to this lawsuit. He may be served with proves at 22065 109th Dr Branford, Florida, 32071-2612, or where he may be found.

7. Defendant Kroger Company is an Ohio Corporation, registered to do business in the state of Tennessee. Its principal address is 1014 Vine St., Cincinnati, Ohio 45202. The Kroger Company may be served through its registered agent for service of process, Corporation Service Company, at 2908 Poston Ave., Nashville, TN 37203.

8. Defendant ATOSC Group, LLC ("ATOSC") is a Texas limited liability company with its principal address located at 1901 Central Drive, Suite 730; Bedford, Texas 76021. According to the Tennessee Secretary of State Defendant ATOSC, Group, LLC may be served via its registered agent, Paul Patton, at 4270 Kenilwood Drive; Nashville, Tennessee 37204.

9. Plaintiffs were employed by Defendants as hourly-paid, non-exempt security guards during the three (3) year period immediately preceding the filing of this Complaint. Plaintiffs' Consent to Join forms are attached hereto as *Exhibit A*.

## IV.   <u>FACTUAL BASIS FOR SUIT</u>

10. Defendants provide protection of assets, security, and safety services for their clients in Tennessee, including local Kroger grocery stores.

11. Defendant Kroger Company is a publicly traded company that owns grocery stores parts of their grocery supply-chain.

12. Plaintiffs and similarly situated individuals were employed as hourly-paid, non-exempt security guards by Defendants during the three (3) year period preceding the filing of this action.

13.     Plaintiffs and those similarly situated typically worked forty (40) or more hours per week for Defendants during all times material to this action.

14.     Plaintiffs and those similarly situated would only be paid one and one half time their regular hourly rate of pay for all hours worked over forty (40) per week.

15.     Likewise, Defendants have, in some weeks, failed to compensate Plaintiffs and those similarly situated *at all* and, rather, would provide them with checks made pursuant to an account with insufficient funds.

16.     As such, Plaintiffs and those similarly situated are owed at least the federal minimum wage for all time they worked and received no compensation for.

17.     Defendants deliberately and intentionally failed to pay Plaintiffs and those similarly situated all wages guaranteed to them by the FLSA.

18.     Defendants have been the "employers" of Plaintiffs and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

19.     At all times material to this action, Plaintiffs and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

20.     At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

21.     Plaintiffs and similarly situated hourly-paid, non-exempt security guards also have engaged in commerce during the applicable statutory period.

22.     Defendant Dowdy was responsible for the implementation and administration of

Guardians' and ATOSC's pay practices, including the decision not to pay Plaintiffs and similarly situated security guards all minimum wages, in addition to one-and one-half their regular hourly rates of pay for all hours over forty (40) within weekly pay periods during all times material to this action.

23.   The Kroger Company jointly employed Plaintiffs and the putative class as they controlled the terms and conditions of their employment including by directly controlling how they were to perform their jobs.

24.   Defendants' business operations have crossed state lines within weekly pay periods during all times material to this Complaint.

25.   Plaintiffs and similarly situated hourly-paid, non-exempt security guards have been subject to Defendants' aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

26.   Plaintiffs and other similarly situated security guards complained to Defendants that they were not receiving minimum wages and/or one and one-half their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this lawsuit.

27.   The aforementioned unpaid minimum wage and overtime claims of Plaintiffs and those similarly situated are unified through a common theory of Defendants' FLSA violations.

28.   Defendants willfully failed to compensate Plaintiffs and similarly situated security guards at their regular hourly rates of pay for all hour worked over forty (40) and with all minimum wages within weekly pay periods during all times material to this Complaint.

29.   Defendants' actions have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

30.   As a result of Defendants' lack of good faith and willful failure to pay Plaintiffs and class

members in compliance with the requirements of the FLSA, Plaintiffs and class members have suffered lost wages in terms of lost compensation as well as other damages.

## V.   FLSA COLLECTIVE ACTION ALLEGATIONS

31.   Plaintiffs bring this case as a collective action on behalf themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid minimum wages and overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

32.   The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid, non-exempt security guards employed by Defendants anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action ("Class Members"). [1]

33.   Plaintiffs pursue these claims against Defendants on behalf of themselves and on behalf all other similarly situated hourly-paid, non-exempt security guards as a collective.

34.   Plaintiffs and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay scheme that resulted in a failure to pay Plaintiffs and class members for minimum wages and overtime, as required by the FLSA.

35.   This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class with respect to Defendants' pay and compensation policies and practices.

36.   The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

37.    Plaintiffs will fairly and adequately protect the interests of the class as their interests are in complete alignment with those of class members, i.e., to pursue their aforementioned unpaid overtime compensation claims.

38.    Counsel for Plaintiffs will adequately protect their interests as well as the interests of all putative class members.

39.    Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and the collective class.

40.    Defendants did not have a good faith basis for their failure to compensate Plaintiffs and class members with minimum wages and for all of their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

41.    Therefore, Defendants are liable to Plaintiffs and class members under the FLSA.

42.    Plaintiffs request this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

43.    Plaintiffs estimate there are more than fifty (50) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records

and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' headquarters.

44. Plaintiffs and class members' claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I

### (Violation of the Fair Labor Standards Act – Collective Unpaid Overtime Claim)

45. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

46. At all relative times, Plaintiffs and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

47. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiffs and class members also have engaged in interstate commerce during all times material to this action.

48. At all relevant times, Defendants employed Plaintiffs and each of the class members within the meaning of the FLSA.

49. At all relevant times, Plaintiffs and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

50. Plaintiffs and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

51. As a result of Defendants' common policy and practice of working Plaintiffs and class members over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during

8

such weeks, they violated the FLSA.

52.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at

least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked

in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for

hours worked in excess of forty (40) hours per week may not be considered paid to an

employee unless that employee is compensated for all such overtime hours worked.

53.    Through their actions, de facto policies, practices, and plans, Defendants violated the FLSA

by regularly and repeatedly failing to compensate Plaintiffs and class members for all hours

worked in excess of forty (40) per week at one and-one half times their regular hourly rates

of pay within weekly pay periods during all times material to this Complaint, as required

by the Act.

54.    Defendants' actions were willful with reckless disregard of clearly applicable FLSA

provisions.

55.    Defendants' actions were not in good faith.

56.    The unpaid overtime claims of Plaintiffs and the class are unified through a common theory

of Defendants' FLSA violations.

57.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and similarly

situated employees have suffered and will continue to suffer a loss of income and other

damages.

58.    Therefore, Defendants are liable to Plaintiffs and other members of the class for actual

damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well

as reasonable attorneys' fees, costs and expenses.

## <u>COUNT II</u>
**(Violation of the Fair Labor Standards Act – Collective Unpaid Minimum Wage Claim)**

59.     The forgoing paragraphs are incorporated by reference as if fully stated herein.

60.     Through their actions, policies, practices, and plans, Defendants violated the FLSA by failing to compensate Plaintiffs and class members for *any* hours worked.

61.     Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

62.     Defendants' actions were not in good faith.

63.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and class members have suffered and will continue to suffer a loss of income and other damages.

64.     Therefore, Defendants are liable to Plaintiffs and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 201, *et seq*., as well as reasonable attorneys' fees, costs and expenses.

## ADDITIONAL CAUSES OF ACTION

65.     The forgoing paragraphs are incorporated by reference as if fully stated herein.

66.     Plaintiffs, individually, brings the following additional causes of action against Defendants:

      a.      Unjust Enrichment/Quantum Meruit; and

      b.      Breach of Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiffs and similarly situated employees all unpaid overtime compensation against Defendants;

b) Award Plaintiffs and similarly situated employees all unpaid minimum wages against

Defendants;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiffs and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Award Plaintiffs, individually, all unpaid straight time wages.

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiffs and the class may be entitled and any further relief as the Court deems just and equitable.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

Dated: October 25, 2021.                     Respectfully Submitted,

_s/ Gordon E. Jackson_
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT,
OWEN & BRYANT**
Attorneys at Law

262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

**ATTORNEYS FOR PLAINTIFFS**